IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RAY BUTTERFIELD,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD GARDEN et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:12-CV-1043-CW<br><br>District Court Judge Clark Waddoups |

Plaintiff, Ray Butterfield, asserts that his Eighth Amendment rights were violated when Defendants, Utah State Prison (USP) medical staff members, Dr. Richard Garden, Medical Technician Craig Miller, and Physician Assistant Ray Merrill, provided him inadequate medical care. Specifically, he asserts they denied him necessary medication for pain and depression and the use of a TENS unit. Before the Court is Defendants' Motion for Summary Judgment.

Defendants filed several exhibits with their summary-judgment motion, including declarations by Warden Alfred Bigelow, Defendant Garden, Office Specialist Susan Delong, Paralegal Sharon Zeller, Defendant Medical Technician Michael (Craig) Miller, Utility Officer Hal Bennett, Physician Assistant Kurt Umbrell, and Defendant Physician Assistant Raymond Merrill. They also filed over a hundred pages of medical and other prison records regarding Plaintiff's allegations.

When twice invited to respond to the summary-judgment motion, Plaintiff sent two short letters to the Court, neither of which was substantive. Thus, the only documentation the Court has to consider from Plaintiff is several grievance papers, which he attached to his Complaint.

However, exhaustion of grievances is not at issue, so the relevant evidence here has all been provided by Defendants, unopposed by Plaintiff.

## ANALYSIS

### I. Summary-Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Factual assertions may be supported by

> citing to parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* at 56(c)(1). A primary purpose of the summary-judgment rule "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett,* 477 U.S. 317, 324 (1986).

The party moving for summary judgment bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case. *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998).

Once the moving party satisfies its initial burden, "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element." *Id.* Rule 56 requires a nonmovant "that would bear the burden of persuasion at trial" to "go beyond the pleadings and

2

'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998). The specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein." *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992). Mere allegations and references to the pleadings will not suffice. However, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

## II.     Statement Of Undisputed Facts

1. Plaintiff was housed at USP during all relevant times regarding his claims.

2. Defendant Garden is Administrative and Clinical Director over health services for the Utah Department of Corrections (UDOC). He did not personally participate in providing medical care to Plaintiff. (Garden Decl. at ¶¶ 2 & 7.)

3. Defendant Miller is a medical technician whose duties include dispensing medication to inmates, but not prescribing medication or treatment. (Miller Decl. at ¶¶ 3 & 5.)

4. Defendant Merrill is a physician assistant, whose duties include prescribing medication and treatment. (Merrill Decl. ¶¶ 2 & 3.) He saw Plaintiff on at least eleven sick calls, between February 18, 2011 and July 25, 2013, each of which involved prescribing medication. Every time, except one, Defendant Merrill prescribed various medications to address Plaintiff's pain and depression. The one time he did not, on February 18, 2011, he documented that he temporarily discontinued Wellbutrin because Plaintiff had used up his last prescription too quickly, indicating abuse.

### III. Personal Participation

To validly state a claim against a defendant in a § 1983 action, a plaintiff must allege the personal participation of the defendant in violating the plaintiff's federal constitutional rights. *Anaya v. Crossroads Managed Care Sys, Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999); *see also Bennett v. Passic*, 545 F.2s 1260, 12162-63 ("Personal participation is an essential element in a § 1983 claim."). The plaintiff must assert an affirmative link between the violation and the defendant's actions. *Id*.

Further, it is well settled in the Tenth Circuit that "[u]nder § 1983, government officials are not vicariously liable for the misconduct of their subordinates." *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1151 (10th Cir. 2006). Supervisors are liable only "for their own culpable involvement in the violation of a person's constitutional rights." *Id*. Section 1983 liability is not available under the doctrine of *respondeat superior*. *Monell v. New York City Dept' of Social Servs.*, 436 U.S. 658, 691-692 (1978). For a plaintiff to simply state that a defendant is a supervisor will not suffice to state a claim; "supervisor status by itself is insufficient to support liability." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).

Defendant Garden oversees the administration and delivery of medical services to inmates throughout the USP population. Plaintiff has not even alleged, nor do any of the records filed with this case show, that Defendant Garden participated in any sick calls or personally prescribed medication or treatment for Plaintiff. The Court then assumes that Plaintiff named Defendant Garden simply because of his supervisory role over USP's medical personnel. However, his supervision, minus "'exercise of control or direction'" as to Plaintiff's specific case, is insufficient to sustain a claim against him. *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988)). There is no

4

allegation or evidentiary support for the possibility that Defendant Garden deliberately or intentionally acted toward Plaintiff. *See Dodds v. Richardson*, 614 F.3d 1185, 1196 n.4, 1209 (10th Cir. 2010) (Tymkovich, J., concurring). Accordingly, Defendant Garden cannot be held responsible, either personally or vicariously, for violating Plaintiff's constitutional rights. Thus, Plaintiff's claims against Defendant Garden fail as a matter of law and are dismissed.

Further, inasmuch as Plaintiff's claims regard the discontinuation of certain medical prescriptions and use of a TENS unit, his claims also cannot stand against Defendant Miller. It is undisputed on the record that Defendant Miller did not have the authority or ability to prescribe medication or treatment. Defendant Miller then could not possibly have discontinued medical prescriptions or treatment. His activities were ministerial only—that is, he dispensed the medication prescribed by others who had the credentials to do so. There is, thus, no affirmative link established between Defendant Miller and the inadequate medical treatment complained of by Plaintiff. Accordingly, the Court dismisses Plaintiff's claims against Defendant Miller.

Finally, as to personal participation, Plaintiff has linked no defendant to the discontinuation of use of a TENS unit. The Court then dismisses this claim, leaving as the only remaining claim the allegation that Defendant Merrill inadequately cared for Plaintiff by discontinuing or "underprescribing" certain medications.

### IV.     Inadequate Medical Treatment

To prove that Defendant Merrill violated his Eighth Amendment right to adequate medical treatment, Plaintiff must present admissible evidence showing that Defendant Merrill acted with deliberate indifference to a serious harm—e.g., that he intentionally interfered with a treatment once prescribed. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976). A defendant must have a sufficiently culpable state of mind to be termed "deliberately indifferent." *Farmer v.*

*Brennan*, 511 U.S. 825, 828 (1994).  And, the defendant's "state of mind" is evaluated from a subjective standard:  "[T]he official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  The deliberate indifference standard applied in Eighth Amendment cases equates with the "subjective recklessness" standard of criminal law.  *Id*. at 839-40.

Based on the uncontroverted evidence, which the Court has thoroughly reviewed—declarations provided by Defendant Merrill and other prison staff members and over a hundred pages of medical and prison records—this Court cannot term Defendant Merrill deliberately indifferent to Plaintiff's need for medicine.  To the contrary, on every sick visit of record that they had together, Defendant Merrill prescribed medication, reviewed dosages, and renewed prescriptions.  One time, on February 18, 2011, the record shows that Defendant Merrill temporarily discontinued a prescription for Wellbutrin, but this was only after he documented the concern that Plaintiff had used up his previous allotment too early, indicating potential abuse.

Far from "deliberate indifference"--"the unnecessary and wanton infliction of pain"-- the record over many sick visits shows Defendant Merrill ensuring medication for complained-of pain and depression every time.  *Estelle*, 429 U.S. at 104 (quotation marks & citation omitted).  It may not have been the exact medication or dosage Plaintiff wanted, but the medical care was uniformly adequate in that Plaintiff's expressed need for help with pain and depression was consistently treated by Defendant Merrill.  Plaintiff has not disputed this—either by unsupported or supported allegations.  Plaintiff's whole point is that he, as an unqualified layperson, wanted more or different treatment from a medical professional, Defendant Merrill—not, as it must be shown to prevail, that Defendant Merrill, with full knowledge of the deleterious effects of his actions or inactions, outright ignored or even exacerbated Plaintiff's serious medical needs

(assuming Plaintiff's needs could even be termed as being or remaining serious, considering the record of Plaintiff's nearly constant sick visits with a variety of personnel, who unvaryingly provided access to medical professionals, medications for pain and depression, and physical therapy).  *Id..* at 107 (stating that, when inmate contended "that more should have been done by way of diagnosis and treatment" and "suggest[ed] a number of options that were not pursued, that was "a classic example of a matter for medical judgment . . . and does not represent cruel and unusual punishment").  As a matter of law, Defendant Merrill's treatment of Plaintiff, as it is set forth in unopposed documentation simply cannot be said to "offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id..* at 106.

The claims against Defendant Merrill are therefore also dismissed.

## CONCLUSION

Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice.  This case is **CLOSED**.

DATED this 26th day of September, 2014.

                BY THE COURT:

                *[signature]*

                CLARK WADDOUPS
                United States District Judge